IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

CHARLES SOLOMON GLOVER,        *

    Petitioner,                *

vs.                            *
                                                   CASE NO. 4:12-CR-26 (CDL)
UNITED STATES OF AMERICA,      *

    Respondent.                *

## O R D E R

After a de novo review of the record in this case, the Report and Recommendation filed by the United States Magistrate Judge on October 12, 2018 is hereby approved, adopted, and made the Order of the Court, including the denial of a certificate of appealability. The Court considered Petitioner's objections to the Report and Recommendation and finds that they lack merit. Only two issues require additional discussion.

First, Petitioner contends that the undersigned relied on the residual clause of the Armed Career Criminal Act ("ACCA") to sentence him. Even if the record supported this conclusion, Petitioner would still not be entitled to the relief he seeks. Petitioner has not shown that he "would not have been sentenced as an armed career criminal absent the existence of the residual clause." *Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017). The record establishes that he had "at least three other

prior convictions that could have qualified under [the enumerated offenses or elements clause of the ACCA] as a violent felony, or as a serious drug offense." *Id*. As detailed in the Magistrate's Report and Recommendation, Petitioner's three drug convictions would have authorized a sentence enhancement under the ACCA regardless of the ACCA's residual clause.

Second, Petitioner argues that the Magistrate Judge relied on improper non-*Shepard* documents in his Report and Recommendation to decide (1) that Petitioner was convicted for selling cocaine on three occasions and (2) that two of the cocaine sales occurred twenty-five days apart. But, this evidence was contained in Petitioner's pre-sentence report ("PSR"). PSR ¶¶ 38-39, ECF No. 44 (relying on court records to list the dates Petitioner sold cocaine and state that Petitioner pled guilty to three counts for selling cocaine). And, Petitioner did not object to the allegations of fact in his PSR. No Obj. to PSR, ECF No. 43; PSR Add., ECF No. 44-1; Sentencing Tr. 4, ECF No. 93. "In determining the nature of a defendant's prior convictions and whether to classify the defendant as an armed career criminal under the ACCA, the sentencing court may rely on *Shepard*-approved documents *and any undisputed facts in the [PSR]*." *In re Hires*, 825 F.3d 1297, 1302 (11th Cir. 2016)(emphasis added); *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006)("It is the law of this circuit that a failure to object to allegations of fact in a [PSR] admits

those facts for sentencing purposes."); *United States v. Bennett*, 472 F.3d 825, 834 (11th Cir. 2006)(per curiam)(finding the court did not err in relying on undisputed facts in PSR to conclude prior convictions were violent felonies under the ACCA). The Court properly determined the nature of Petitioner's criminal history. His objections are without merit.

IT IS SO ORDERED, this 30th day of January, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA